# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

_____

**BAP NO. NH 21-032**
_____

**Bankruptcy Case No. 21-10611-BAH**
_____

**BABOUCAR B. TAAL,**
**Debtor.**
_____

**BABOUCAR B. TAAL,**
**Appellant,**

v.

**JOHN G. CRONIN, Commissioner,**
**MICHAEL S. ASKENAIZER, ESQ.,**
**DAVID C. TENCZA, ESQ., and JACK S. WHITE, ESQ.,**
**Appellees.**
_____

**Lamoutte, Cabán, and Finkle, U.S. Bankruptcy Appellate Panel Judges.**

### ORDER DENYING MOTION TO RECONSIDER

Baboucar B. Taal (the "Debtor") appealed pro se from the following orders entered by the bankruptcy court on December 17, 2021: (1) the order denying his motion seeking sanctions for alleged violations of the automatic stay (the "Order Denying Sanctions"); and (2) the order denying his motion to stay the order granting John G. Cronin, in his capacity as state court-appointed real estate commissioner ("Cronin"), relief from the automatic stay (the "Order Denying Stay Pending Appeal"). On January 12, 2022, the Panel issued a Judgment of Partial Dismissal, dismissing the Debtor's appeal of the Order Denying Stay Pending Appeal for lack of jurisdiction. The Debtor then filed a motion seeking reconsideration of the Judgment of Partial

Dismissal (the "Motion to Reconsider"). No oppositions have been filed. For the reasons set forth below, the Motion to Reconsider is **DENIED**.

## BACKGROUND

The Debtor filed a chapter 13 bankruptcy petition in October 2021. In November 2021, Cronin filed a motion seeking relief from the automatic stay (the "Motion for Relief from Stay") so that he could close a sale of the Debtor's marital home (the "Property") pursuant to the terms of the Debtor's final divorce decree. After a hearing, on November 30, 2021, the bankruptcy court entered an order granting in part and denying in part the Motion for Relief from Stay (the "Order Granting Relief from Stay").

The Debtor did not appeal the Order Granting Relief from Stay. Instead, on December 3, 2021, he filed: (1) a motion seeking damages from Cronin, Cronin's attorney, and two attorneys who represented the Debtor's former spouse for alleged violations of the automatic stay (the "Motion for Sanctions"); and (2) a motion to stay the Order Granting Relief from Stay (the "Motion for Stay Pending Appeal"). After a hearing on December 16, 2021, the bankruptcy court denied both motions. As to the Motion for Stay Pending Appeal, the bankruptcy court concluded that the Debtor had not established the elements for obtaining a stay pending appeal of the Order Granting Relief from Stay under Bankruptcy Rule 8007.[1] The court reasoned that not only did the Debtor fail to address why the bankruptcy court erred in granting the Motion for Relief from Stay, the Rooker-Feldman doctrine precluded the court from altering the state court's orders that directed the sale of the Property.

---

[1] All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. All references to specific statutory sections are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

The Debtor appealed both the Order Denying Sanctions and the Order Denying Stay Pending Appeal. He also filed an emergency motion for stay pending appeal with the Panel. The Panel denied that motion, concluding that the Debtor failed to establish both the procedural and substantive requirements for obtaining a stay pending appeal. The Debtor did not appeal the Panel's denial of his Motion for Stay Pending Appeal.

On January 12, 2022, the Panel entered the Judgment of Partial Judgment, dismissing the Debtor's appeal of the Order Denying Stay Pending Appeal for lack of jurisdiction. The Panel concluded that the Order Denying Stay Pending Appeal was interlocutory and did not meet the requirements for the Panel's exercise of discretion to hear an interlocutory appeal.

On that same day, the Debtor filed a Motion to Reconsider, in which he essentially challenged the bankruptcy court's entry of the Order Granting Relief from Stay, its refusal to stay the Order Granting Relief from Stay, and the Panel's subsequent denial of a stay pending appeal. Other than broad references to his constitutional rights, he did not cite any legal authority for the requested relief. Again, other than references to his due process rights to be heard on the merits of his position, he did not specifically address the Panel's determination that the appeal of the Order Denying Stay Pending Appeal was interlocutory or why the Panel should have exercised its discretion to hear the interlocutory appeal.

## DISCUSSION

### I. Applicable Standard

Bankruptcy Rule 8022, entitled "Motion for Rehearing," is the sole basis upon which a party to a bankruptcy appeal may seek reconsideration of an order or judgment of the Panel. See Reynolds v. Md. Dep't of Labor, Licensing & Regulation, No. ELH-17-3158, 2018 WL 5045192, at *1 (D. Md. Oct. 16, 2018) (stating that "every reported federal appellate decision . . .

has concluded that Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing' from a final order of . . . a bankruptcy appellate court") (citations omitted); see also Rothrock v. Turner, 435 B.R. 70, 76 (D. Me. 2010) (citing In re Abijoe Realty Corp., 943 F.2d 121, 124 (1st Cir. 1991)).  "Therefore, irrespective of how parties characterize their motions for reconsideration in bankruptcy appeals, such motions should be considered under [Bankruptcy] Rule 8022."  Reynolds, 2018 WL 5045192, at *1 (citations omitted) (internal quotation marks omitted).  Motions for rehearing exist "to permit the court to correct manifest errors of law or misapprehensions of fact, not to allow losing parties a second bite at the apple, or to permit them to introduce new legal theories or facts that they simply failed to present initially."  ColFin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC), No. 15cv3118, 2016 WL 1644323, at *2 (N.D. Ill. Apr. 25, 2016) (citation omitted); see also Sierra Club v. Hodel, 848 F.2d 1068, 1100-01 (10th Cir. 1988) (stating that motions for rehearing are allowed "to enable parties to notify, and to correct, errors of fact or law on the issues already presented; they are not meant to permit parties to assert new grounds for relief").

The standard for granting a motion under Bankruptcy Rule 8022, derived from Fed. R. App. P. 40(a), requires the movant to "state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended."  Fed. R. Bankr. P. 8022(a)(2); see also Kelly v. Schlossberg, No. PX-17-3846, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018).  Although Bankruptcy Rule 8022 does not specify a standard for granting a rehearing, courts have employed the same standard as for a motion to alter or amend a judgment under Rule 59(e).  See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A., No. 8:19-cv-00636-PX, 2020 WL 758154, at *2 (D. Md. Feb. 13, 2020); Dandridge v. Scott, No. 3:18CV00051, 2019 WL 4228457, at *1 (W.D. Va. Sept. 5, 2019).  "A party moving for

4

relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law." In re Fin. Oversight & Mgmt. Bd. for P.R., 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)), aff'd, 998 F.3d 35 (1st Cir. 2021). Rehearing is an "extraordinary remedy" to be "used sparingly . . . ." Id. (citation omitted) (internal quotation marks omitted).

## II.     Applying the Standard

The Debtor's Motion to Reconsider is silent with respect to Bankruptcy Rule 8022 and the corresponding requirements for relief under Rule 59(e). Rather, the Debtor essentially challenges the bankruptcy court's entry of the Order Granting Relief from Stay (an order that he never appealed), the bankruptcy court's refusal to stay the Order Granting Relief from Stay, and the Panel's denial of his subsequent motion for stay pending appeal. He does not, however, address the specific rulings in the Judgment of Partial Dismissal or the Panel's conclusion that it lacks jurisdiction to consider the Order Denying Motion for Stay as the order is interlocutory and not appealable as of right. Moreover, case law soundly supports the Panel's conclusion that the Order Denying Motion for Stay is interlocutory. See Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (stating that order denying motion for stay pending appeal is not a final, appealable order); see also Greenberg v. U.S. Trustee (In re Greenberg), 735 F. App'x 469, 470 (9th Cir. 2018); Parson v. Unknown, No. 3:18-CV-1449-L, 2018 WL 3046248, at *1 (N.D. Tex. June 20, 2018). Nor does the Debtor set forth reasons under the applicable legal standards why the Panel should have exercised its discretion to hear the interlocutory appeal under 28 U.S.C. § 158(a)(3). See Bailey v. United States (In re Bailey), 592 B.R. 400, 408 (B.A.P. 1st Cir. 2018) (discussing Panel's discretion under 28 U.S.C. § 158(a)(3) to hear interlocutory appeals when

certain factors are met). Rather, the Debtor seems to overlook that the basis for the partial dismissal of his appeal is one of timing; the Order Denying Stay Pending Appeal was not yet final when he commenced his appeal. He is not precluded from pursuing an appeal of the Order Denying Stay Pending Appeal when that order becomes a final order.

Accordingly, although the Debtor expresses his dissatisfaction with various rulings of the bankruptcy court and this Panel, he has failed to demonstrate that the Panel overlooked, misapprehended, or misconstrued any material points of law or fact in dismissing the appeal of the Order Denying Motion for Stay for lack of appellate jurisdiction. As a result, the Motion to Reconsider fails to meet the standard for a rehearing under Bankruptcy Rule 8022.

## **CONCLUSION**

For the foregoing reasons, the Motion to Reconsider is **DENIED**.

FOR THE PANEL:

Dated: January 31, 2022            By:    /s/ Leslie C. Storm
                                          Leslie C. Storm, Clerk

[cc: Baboucar B. Taal; Michael S. Askenaizer, Esq.; Lawrence P. Sumski, Esq.; Jack S. White, Esq.]